NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NIKE MICHAEL BLACK, *Appellant.*

No. 1 CA-CR 20-0067
FILED 12-31-2020

Appeal from the Superior Court in Maricopa County
No. CR 2014-103092-001
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Michael J. Dew Attorney at Law, Phoenix
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Peter B. Swann joined.

---

**C A M P B E L L**, Judge:

¶1        Nike Black appeals from his conviction and sentence for first-degree murder. After searching the record on appeal and finding no arguable question of law, Black's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. Black was given the opportunity to file a supplemental brief but has not done so. Having reviewed the entire record, *see State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), we find no reversible error and affirm.

¶2        Shortly after beginning her shift at a county jail, a detention officer, stationed inside a pod tower, received an intercom call from Black's cell. When she answered the call, Black calmly informed her that his cellmate was bleeding and not breathing. The detention officer notified her colleagues of "a possible man down" and, as the only officer charged with operating the doors both to and within Black's pod, opened the pod and cell doors to allow responding officers access.

¶3        When the detention officers entered Black's cell, the victim was on a lower bunk bed, shrouded with a blanket, and Black was at the back of the cell. Once they handcuffed and removed Black, the detention officers tried to wake the victim by shaking his shoulder. Unable to rouse him, the officers removed the blanket, revealing the victim lying face-down on blood-soaked linens, with a sheet wrapped around his neck. After removing the sheet, the officers turned the victim onto his back to administer CPR and saw that he had been both beaten and stabbed in the eye with a small pencil.

¶4        The State charged Black with one count of first-degree murder. At trial, an inmate who was housed in the cell adjacent to Black's testified that on that night, he heard the victim say, "Stop. What are you doing?" In response, Black said, "It's okay, I got you." The inmate then heard loud "pounding," followed by silence. The criminal lab analyst who

processed Black's cell also testified. Apart from the blood stains on the victim's clothing and bedding, the analyst found blood stains on Black's shirt, pants, socks, underwear, and flip-flops. Using a chemical agent that "enhances latent blood," the analyst also discovered that blood had been wiped off various surfaces in the cell. Finally, the medical examiner who performed the victim's autopsy testified that the victim sustained numerous abrasions, contusions, lacerations, and bone fractures to his face, consistent with having been punched or hit repeatedly. He also explained that the pencil had punctured the back of the victim's eye socket and, based on the nature of the strangulation marks on the victim's neck, opined that the victim was unable to vocalize during the killing. Ultimately, the medical examiner concluded that the victim died from multiple traumatic injuries.

¶5         At the conclusion of trial, the jury found Black guilty as charged. The superior court imposed a term of natural life and credited Black with 2,204 days presentence incarceration credit. Black timely appealed.

¶6         After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects that Black was represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the conviction, and the sentence imposed falls within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Black's constitutional and statutory rights. Therefore, we affirm Black's conviction and sentence.

¶7         Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Black of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Black has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:
JT